

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

A.P., a minor, by his mother
and legal guardian Alicia Gomez; AND
R.H., a minor, by his mother
and legal guardian Fausta Hoyas,

                         Plaintiffs,

         -against-

THE CITY OF NEW YORK
AND JOHN DOES #1-10.

                       Defendants.
-------------------------------------------------------x

**08 CV ( ) 2409**

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

**ECF Case**

Plaintiffs A.P. and R.H., minors, by their mothers Alicia Gomez and Fausta

Hoyas, respectively, and by their attorneys Emery Celli Brinckerhoff & Abady LLP, for their

Complaint allege as follows:

## INTRODUCTION

1.      This is a civil rights action seeking damages for Defendants' violations of

Plaintiffs' A.P.'s and R.H.'s rights, privileges, and immunities under the United States

Constitution, 42 U.S.C. § 1983, and New York State common law. The suit arises from an

incident on March 11, 2007, during which, for no apparent reason, New York City Police

Department (NYPD) Officers from the 25th Precinct and/or the NYPD's anti-gang unit arrested at

gunpoint, falsely detained, wrongfully imprisoned, and assaulted a group of young Latino boys.

A.P., age 15 at the time, and R.H., age 13 at the time, ("collectively Plaintiffs") were two of those

arrested. They were arrested for doing no more than standing on the street they live on, while

waiting with friends and family to play soccer.

2.     A.P. lives in Harlem and is a student at the High School of Art & Design in Manhattan.

3.     R.H. lives in Harlem and is a student at the Life Science Secondary School.

4.     Before this incident, neither Plaintiff had ever been arrested.

5.     On March 11, 2007, at or around 5:30 or 6:30 pm, Plaintiffs were standing in front of A.P.'s apartment building, at 322 East 117th Street between 1st and 2nd Avenue with A.P.'s younger siblings, and a few other young children.  They were planning to play soccer in the local park as soon as A.P.'s mother returned from the corner store, where she was buying water for the game.  Without any provocation or any justification whatsoever, two NYPD officers, both in plain clothes, jumped out of an unmarked car with guns drawn, and yelled at all the boys to get down on the ground.  The girls were pushed to the side.  The officers were then joined by numerous other officers.  The boys were frisked, handcuffed behind their back, thrown against the wall, and then transported to the 25th Precinct.  Plaintiffs were held at the precinct for almost an hour; both were handcuffed to a chair.

6.     This Complaint, arising from these outrageous and unlawful acts, seeks compensatory and punitive damages, costs, disbursements, and attorneys' fees pursuant to applicable state and federal civil rights law.

## THE PARTIES

7.     Plaintiff A.P. is a citizen of the United States and resided in New York, New York at the time of the events giving rise to this Complaint.

8.     Plaintiff R.H. is a citizen of the United States and resided in New York, New York at the time of the events giving rise to this Complaint.

2

9.    The Plaintiffs are identified by their initials because they are minors.

10.    Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

11.    At all times relevant hereto, Defendant Police Officers John Does #1-10, whose actual names and shield numbers Plaintiffs have been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe," were police officers of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of their employment as such. The two plainclothes officers who initially detained Plaintiffs were both Caucasian males. On March 11, 2007, Defendant John Does were responsible for unlawfully arresting and assaulting Plaintiffs, and/or despite witnessing some portion of the arrest and assault on Plaintiffs failed to intervene to prevent these constitutional harms from occurring to Plaintiffs.

12.    At all times relevant hereto, John Does #1-10 (collectively the "Officer Defendants") were acting under the color of state law.

## JURISDICTION AND VENUE

13.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York state common law.

14.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331,

3

1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

15.    The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

16.    Plaintiffs demand trial by jury in this action.

## FACTUAL ALLEGATIONS

17.    In the early evening of Sunday, March 11, 2007, Plaintiffs A.P. and R.H. were standing in front of A.P.'s apartment building, at 322 East 117th Street between 1st and 2nd Avenue, with A.P.'s younger siblings, and a few other children.  They were planning to play soccer in the local park as soon as A.P.'s mother returned from the corner store, where she was buying water for the game.

18.    Plaintiffs were not breaking any laws.

19.    Two plainclothes officers drove up to the building in an unmarked car. They jumped out of the vehicle, and, with guns drawn, yelled at everyone to get on the ground. R.H. got down on the pavement and A.P. was thrown to the ground by one of the officers. Several other young Latino boys were also forced onto the ground.  All of the boys were required to lay on their stomachs with their hands behind their backs.

20.    Additional officers, both uniformed and plainclothes, arrived and surrounded the boys.  The boys were then all handcuffed behind their backs and thoroughly frisked.  When they frisked A.P., they felt his genital and anal areas, causing him great distress.

21.    The young girls who had been shoved to the side, as well as the boys' mothers who came running as soon as they heard what had happened, pleaded with the officers to let the children go.  The officers, many of them laughing, refused to tell the families why the

4

children were being arrested and yelled at everyone not to say a word.

22.    While the mothers and sisters stood by, Plaintiffs and the other boys were then roughly brought to their feet and thrown against a wall. Both Plaintiffs were hurt during this ordeal.

23.    At no point, from the moment that the officers approached Plaintiffs, did they offer any resistance or defense, verbally or physically.

24.    Plaintiffs and other boys were eventually transported by car to the 25th Precinct in New York, New York. While they were in the car, the officers laughed at them and their mothers because they were upset about the arrests.

25.    When Plaintiffs arrived at the 25th Precinct, they were photographed, questioned, and handcuffed to chairs. The officers forbid them from speaking in Spanish, claiming it was disrespectful to do so in America.

26.    Plaintiffs were held at the precinct for almost an hour, while their families waited anxiously.

27.    Plaintiffs were released and no charges were brought.

28.    As a direct and proximate result of their unlawful assault, arrest, and imprisonment, Plaintiffs suffered physical pain, reputational injury, psychological pain, mental anguish, and other losses. Plaintiffs continue to suffer emotional damages from these events.

29.    Within ninety days after the claim alleged in this Complaint arose, written notice of claims, sworn to by Plaintiffs, were served upon the Defendants by personal delivery of the notice, in duplicate, to the Comptroller's office at 1 Centre Street, New York, New York.

30.    At least thirty days have elapsed since the service of the notice of claims, and adjustment or payment of the claim has been neglected or refused.

5

31.    This action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983 - False Arrest & False Imprisonment
(Against the Officer Defendants)

32.    Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

33.    The Officer Defendants wrongfully and illegally arrested, detained, and imprisoned Plaintiffs.

34.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause.

35.    At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiffs.

36.    Throughout this period, Plaintiffs were unlawfully, wrongfully, and unjustifiably held under arrest, deprived of their liberty, and imprisoned.

37.    At all times, the unlawful, wrongful, and false arrest and imprisonment of Plaintiffs was without basis and without probable cause.

38.    All this occurred without any fault or provocation on the part of Plaintiffs.

39.    The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured

6

by the United States Constitution.

      40.    As a direct and proximate result of the misconduct and abuse of authority

detailed above, Plaintiffs sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 – Excessive Force
(Against the Officer Defendants)

      41.    Plaintiffs repeat and reallege the above paragraphs as if the same were

fully set forth at length herein.

      42.    By using excessive force and assaulting Plaintiffs, the Officer Defendants

deprived Plaintiffs of their rights, remedies, privileges, and immunities guaranteed to every

citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights

guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

      43.    In addition, the Officer Defendants conspired among themselves to

deprive Plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and

Fourteenth Amendments to the United States Constitution, and took numerous overt steps in

furtherance of such conspiracy, as set forth above.

      44.    The Officer Defendants acted under pretense and color of state law and in

their individual and official capacities and within the scope of their respective employments as

NYPD officers.  Said acts by the Officer Defendants were beyond the scope of their jurisdiction,

without authority of law, and in abuse of their powers, and said Defendants acted willfully,

knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured

by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States

Constitution.

      45.    As a direct and proximate result of the misconduct and abuse of authority

7

detailed above, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
### False Arrest and False Imprisonment
### (Against All Defendants)

46.    Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein

47.    The Officer Defendants wrongfully and illegally arrested, detained, and imprisoned plaintiff.

48.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

49.    At all relevant times, Defendant Officers acted forcibly in apprehending, arresting, and imprisoning Plaintiffs.

50.    Throughout this period, Plaintiffs were unlawfully, wrongfully, and unjustifiably held under arrest, deprived of their liberty, and imprisoned.

51.    At all times, the unlawful, wrongful, and false arrest and imprisonment of Plaintiffs was without basis and without probable or reasonable cause.

52.    All this occurred without any fault or provocation on the part of Plaintiffs.

53.    Defendants, their officers, agents, servants, and employees were responsible for Plaintiffs' arrest, detention, and imprisonment during this period of time. Defendant City, as employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

54.    Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiffs' rights, privileges,

8

welfare, and well-being and are guilty of egregious and gross misconduct towards Plaintiffs.

55.    The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

56.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Assault
(Against All Defendants)

57.    Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

58.    Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing act(s) which threatened such contact to the Plaintiffs, and that such act(s) caused apprehension of such contact in the Plaintiffs.

59.    Defendants, their officers, agents, servants, and employees were responsible for the assaults on Plaintiffs.  Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

60.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Negligence
(Against All Defendants)

61.    Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

62.    Defendants owed a duty of care to Plaintiffs.

63.    Defendants breached that duty of care by detaining, imprisoning, arresting, and assaulting Plaintiffs without any justification whatsoever.

64.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

65.    All of the foregoing occurred without any fault or provocation on the part of Plaintiffs.

66.    Defendants, their officers, agents, servants, and employees were responsible for the Plaintiffs' arrest, detention, and imprisonment during this period of time. Defendant City, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

## SIXTH CAUSE OF ACTION
Negligent Hiring and Retention of Employment Services
(Against Defendant City)

67.    Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

68.    Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiffs to prevent the physical and mental abuse sustained by Plaintiffs.

69.    Upon information and belief, Defendant City, through the NYPD, owed a

10

duty of care to Plaintiffs because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that an injury to Plaintiffs or to those in a like situation would probably result from this conduct.

70.     Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

71.     Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were potentially dangerous.

72.     Upon information and belief, Defendant City's negligence in hiring and retaining the Officer Defendants proximately caused Plaintiffs' injuries.

73.     Upon information and belief, because of the Defendant City's negligent hiring and retention of the aforementioned Officer Defendants, Plaintiffs incurred physical and mental injury.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

(a)     On the First Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(b)     On the Second Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(c)     On the Third Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(d)     On the Fourth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

11

(e)      On the Fifth Claim for Relief against Defendant City, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(e)      On the Sixth Claim for Relief against Defendant City, compensatory damages in an amount to be determined at trial; and

(f)      Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 7, 2008

                        EMERY CELLI BRINCKERHOFF & ABADY LLP

                  By: _____
                        Andrew G. Celli, Jr. (AG 3598)
                        Elizabeth S. Saylor (ESS 8091)
                        75 Rockefeller Plaza, 20th Floor
                        New York, New York 10019
                        (212) 763-5000
                        *Attorneys for Plaintiffs*