UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

A.P., a minor, by his mother and legal
guardian Alicia Gomez; AND R.H., a minor,
by his mother and legal guardian Fausta
Hoyas,

                        Plaintiffs,

          -against-

THE CITY OF NEW YORK AND JOHN
DOES #1-10,

                    Defendants.


------------------------------------------------------------------------x

**ANSWER**

08 CV 2409 (JGK)

<u>Trial By Jury Requested</u>

(filed by ECF)

       Defendant City of New York, by its attorney Michael A. Cardozo, Corporation

Counsel of the City of New York, as and for its answer to the complaint, respectfully alleges,

upon information and belief, as follows:

          1.     Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiffs purport to bring this action as set forth therein, and denies knowledge or

information sufficient to form a belief as to the truth of the allegations concerning plaintiffs'

ages.

          2.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the complaint.

          3.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "3" of the complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of plaintiff A.P.'s apartment building, A.P.'s siblings, their plans, the whereabouts of A.P.'s mother, and whether and how plaintiffs were frisked and handcuffed, and admits that, on or about March 11, 2007, police officers were present in the vicinity of 322 East 117th Street in New York, New York, and that plaintiffs were also present and were transported to the 25th precinct.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiffs purport to bring this action and seek relief as set forth therein.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that plaintiffs purport to identify themselves as set forth therein for the reason stated therein.

10.      Admits that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York and that the City of New York maintains a police department, and states that the remaining allegations set forth in paragraph "10" of the complaint are legal conclusions rather than averments of fact, in which case no response is required.

2

11.     Denies the allegations set forth in paragraph "11" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified "John Doe" police officers, plaintiffs' efforts to ascertain their names and shield numbers, admits that plaintiffs purport to sue them as set forth therein, and states that to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, no response is required.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

13.     Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiffs purport to bring this action as set forth therein.

14.     Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiffs purport to invoke this Court's jurisdiction as set forth therein.

15.     Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiffs purport to base venue as set forth therein.

16.     Paragraph "16" of the complaint sets forth a demand for a jury trial to which no response is required.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits that plaintiffs were in the vicinity of 322 East 117th Street on or about March 11, 2007.

18.     Denies the allegations set forth in paragraph "18" of the complaint.

19.    Denies the allegations set forth in paragraph "19" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "R.H."

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admits that police officers arrived.

21.    Denies the allegations set forth in paragraph "21" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mothers.

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Denies the allegations set forth in paragraph "24" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning how plaintiffs were transported and other boys.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' families.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admits that plaintiffs were released.

4

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admits that documents purporting to be notices of claim were received by the Comptroller's Office of the City of New York on or about June 8, 2007, and states that the allegations concerning when the claims arose are legal conclusions rather than averments of fact, in which case no response is required.

30.    Denies the allegations set forth in paragraph "30" of the complaint, except admits that more than 30 days have elapsed and that the claims have not been settled.

31.    Defendant states that the allegations set forth in paragraph "31" of the complaint are legal conclusions rather than averments of fact, in which case no response is required.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "31" of this answer as if fully set forth therein.

33.    Denies the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.    Denies the allegations set forth in paragraph "39" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

5

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "40" of this answer as if fully set forth therein.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.     Denies the allegations set forth in paragraph "44" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "45" of this answer as if fully set forth therein.

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint.

51.     Denies the allegations set forth in paragraph "51" of the complaint.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

54.     Denies the allegations set forth in paragraph "54" of the complaint.

55.     Denies the allegations set forth in paragraph "55" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

56.     Denies the allegations set forth in paragraph "56" of the complaint.

57.     In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "56" of this answer as if fully set forth therein.

58.     Denies the allegations set forth in paragraph "58" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

59.     Denies the allegations set forth in paragraph "59" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

60.     Denies the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "60" of this answer as if fully set forth therein.

62.     Defendant states that the allegations set forth in paragraph "62" of the complaint are legal conclusions rather than averments of fact, in which case no response is required.

63.     Denies the allegations set forth in paragraph "63" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

7

64.    Denies the allegations set forth in paragraph "64" of the complaint.

65.    Denies the allegations set forth in paragraph "65" of the complaint.

66.    Denies the allegations set forth in paragraph "66" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

67.    In response to the allegations set forth in paragraph "67" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "66" of this answer as if fully set forth therein.

68.    Denies the allegations set forth in paragraph "68" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

69.    Denies the allegations set forth in paragraph "69" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

70.    Denies the allegations set forth in paragraph "70" of the complaint.

71.    Denies the allegations set forth in paragraph "71" of the complaint.

72.    Denies the allegations set forth in paragraph "72" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

73.    Denies the allegations set forth in paragraph "73" of the complaint, except to the extent that the allegations set forth in this paragraph are legal conclusions rather than averments of fact, in which case no response is required.

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>**:

74.    The complaint fails to state a claim upon which relief can be granted.

**<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>**:

75.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>**:

76.    At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

**<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>**:

77.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the conduct of intervening non-parties and was not the proximate result of any act of defendant.

**<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>**:

78.    Punitive damages are not obtainable as against defendant City of New York.

**<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>**:

79.    There was probable cause and/or reasonable suspicion for plaintiffs' arrests, detentions, and/or searches.

      **WHEREFORE**, defendant City of New York requests judgment dismissing the

complaint in its entirety, together with the costs and disbursements of this action, and such other

and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 31, 2008

                             **MICHAEL A. CARDOZO**
                             Corporation Counsel of the
                               City of New York
                             Attorney for Defendant City of New York
                             100 Church Street
                             New York, New York  10007
                             (212) 227-4071

                           By: _____/S/_____
                               SUSAN P. SCHARFSTEIN (SS 2476)

To:   Andrew Celli, Esq.
      Emery Celli Brinckerhoff & Abady, LLP
      75 Rockefeller Plaza, 20th Floor
      New York, NY  10019

Index No.  08 CV 2409 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.P., a minor, by his mother and legal guardian Alicia
Gomez; AND R.H., a minor, by his mother and legal
guardian Fausta Hoyas,

Plaintiffs,

-against-

THE CITY OF NEW YORK AND JOHN DOES #1-10,

Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................................. , 200 . . .*

*.......................................................................................... Esq.*

*Attorney for..........................................................................................*